UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEAN VERNON MARTIN, NATASHA MAYUMI MARTIN,<br><br>    Defendants. | NO. 2:13-CR-053-JLQ-2<br>NO. 2:13-CR-053-JLQ-3<br><br>**ORDER AMENDING PRELIMINARY ORDER OF FORFEITURE AND DECLARING THE ORDER FINAL** |

**BEFORE THE COURT** is the Government's "Motion for Order Declaring the Preliminary Order of Forfeiture Final" (ECF No. 206) filed on February 6, 2014 and noted for hearing on March 10, 2014.   There is no pending third-party claimant petition or opposition to the pending Motion before the court.

**I.    BACKGROUND**

Defendants Dean Vernon Martin and Natasha Mayumi Martin entered guilty pleas to Count 1 of the Indictment and pursuant to those pleas, confessed forfeiture of, or otherwise disclaimed interest in "approximately $2,400.00 U.S. currency, seized on or about June 24, 2012."  On September 30, 2013, the court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853 and Fed.R.Crim.P. 32.2, forfeiting the following assets to the United States, subject to the provisions of 21 U.S.C. § 853:

U.S. CURRENCY
Approximately $2,400.00 U.S. Currency, seized on or about June 24, 2012.

ORDER - 1

(ECF No. 139). The Preliminary Order specifically declared that the court "has determined, based on the Defendants' plea agreements...that the government has established the requisite nexus between such assets described below and such offenses...." *Id*. at 1. It further provided: "If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim. P. 32.2(c)(2)." The Defendants were sentenced on October 4, 2013. None of the Defendants purport to retain any interest in the property at this time.

On February 6, 2014 the Government filed its Motion seeking an "Order Declaring the Preliminary Order Final." (ECF No. 206). The Government asserts therein that it published its Notice of Forfeiture (ECF No. 205) online at www.forfeiture.gov and the deadline for filing any third party claim was December 10, 2013. No claimant has filed a petition for hearing. The Motion is unopposed.

## II. DISCUSSION

Notwithstanding the proper, valid forfeiture of the Defendant's rights in the subject property, to protect non-party petitioners who may have an interest in the property subject to forfeiture, 21 U.S.C. section 853(n) and Federal Rule of Criminal Procedure 32.2 describe the procedures by which a non-party petitioner may assert its property interests in an ancillary proceeding before the forfeiture becomes final. Rule 32.2(c) provides: "If no third party files a timely petition, the preliminary order becomes the final order of forfeiture ...." The Government obtains "clear title to property that is the subject of the order of forfeiture" once the time for filing third-party petitions expired. 21 U.S.C. § 853(n)(7); *see U.S. v. Alvarez*, 710 F.3d 565, 567 (5th Cir.2013) ("If a third party-claim is not raised, 'the United States shall have clear title.' "(citing 21 U.S.C. § 853(n)(7))). Fed.R.Crim.P. 32.2(c)(2) then provides that the preliminary order of forfeiture does not "become the final order of forfeiture" until after "the ancillary proceeding ends" adjudicating third-party rights, or if no party timely files a petition, after "the court finds that the defendant ... had an interest in the property that is forfeitable under the applicable statute."

ORDER - 2

1

2      The court's Preliminary Order has already made the findings required by
3  Fed.R.Crim.P. 32.2(c)(2).  As Ordered therein, the Preliminary Order constitutes the
   Final Order of Forfeiture, if no petitions are timely filed. Accordingly, the Government's
4  Motion asking the court for a further Order declaring the Preliminary Order final appears
5  unnecessary.  Though there is no pending third-party challenge to the adequacy of the
6  Government's Notice of Forfeiture, the court notes that the Notice contained a
7  typographical error in the court's address where potential claimants were to send their
8  claims.  (ECF No. 205 at 2)(court's zipcode is 99210-1493, not 99210-1393).  The court
9  assumes the Government would have notified the court if a third party petition was
10 served upon the U.S. Attorney, whose address is correctly set forth in the Notice.
11     In addition, the Notice describes the forfeited property with more specificity than
12 the Preliminary Order as: "Approximately $2,400.00 US Currency (12-FBI-008683)
13 which was seized from Natasha Martin on or about June 24, 2012, in Spokane Valley,
14 Washington."  (ECF No. 205 at 4).  Accordingly, pursuant to Fed.R.Crim.P. 32.2(e)(1)
15 the court herein amends the description of the forfeited property contained in the court's
16 Preliminary Order to match the description contained in the Government's Notice.
17     The Government's Notice further set forth the intent of the United States to
18 dispose of the property and notified all third parties of their right to petition the court
19 within sixty (60) days of the first date of publication for a hearing to adjudicate the
20 validity of their alleged legal interest in the property.  The claim deadline was December
21 10, 2013. No claims were filed.
22     **ACCORDINGLY, IT IS HEREBY ORDERED:**
23     1. The Government's "Motion for Order Declaring the Preliminary Order Final"
24 (**ECF No. 206**) is **GRANTED**.
25     2. The court declares the Preliminary Order of Forfeiture (ECF No. 139) the Final
26 Order of Forfeiture as to the Defendants and as to any and all other persons or entities,
27 with the following amendment: The description of the assets hereby forfeited to the
28 United States at page 2, lines 1-2 is amended to read:

ORDER - 3

U.S CURRENCY
Approximately $2,400.00 US Currency (12-FBI-008683) which was seized from Natasha Martin on or about June 24, 2012, in Spokane Valley, Washington.

2. The forfeited assets shall be disposed of in accordance with law.

3. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order and as to related forfeiture matters herein.

The Clerk of the Court is directed to enter this order and furnish copies to counsel.

DATED this 13th day of March, 2014.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
       SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4